**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BROADHEAD LIMITED PARTNERSHIP, | § | |
| Individually and on behalf of a Class of | § | |
| others similarly situated, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2-06-CV-009 (TJW) |
| v. | § | |
| | § | |
| GOLDMAN, SACHS & CO., | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Goldman, Sachs & Co.'s ("Goldman Sachs") Motion to Transfer Venue (#17).  Goldman Sachs requests that this case be transferred to the Southern District of New York.  After considering the filings of the parties and the applicable law, the Court DENIES the defendant's motion for the reasons expressed below.

**I.      Factual Background**

Plaintiff Broadhead Limited Partnership ("Broadhead") is a Texas limited partnership with its principal place of business in Mississippi.  Goldman Sachs is a New York limited partnership with its principal place of business in New York.

Broadhead seeks to represent a nationwide class of persons and entities who entered investment advisory agreements with Goldman Sachs.  These agreements are governed by New York law.  Broadhead alleges that Goldman Sachs breached fiduciary duties by failing to disclose various fees earned in connection with the plaintiff's bond transactions.  Broadhead originally asserted claims based on the Investment Advisors Act ("IAA"), 15 U.S.C. § 80b-6, and various New York state laws.  The Court subsequently dismissed the plaintiff's state law claims and, therefore, the plaintiff's IAA claim is the only claim remaining in this case.  *See* Dkt. #75.

## II.    Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676.

2

To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

A.      *Convenience Factors*

1.  The plaintiff's choice of forum

The choice of forum for class actions is not entitled to the deference normally given to plaintiffs, but it is still a factor to be considered. *See In re Triton*, 70 F. Supp. 2d at 678; *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiff chose to bring its suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

2. The convenience of parties and material witnesses

The Court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the defendant is headquartered in New York and, therefore, it would be more convenient for the defendant if this case were transferred to the Southern District of New York. On the other hand, the plaintiff is a Texas partnership with its principal place of business in Mississippi. It would be more convenient for the plaintiff if this case remains in Texas. In the Court's view, the convenience of the parties is neutral as to transfer.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience

of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

The defendant contends that Mr. Tucker York, a director at Goldman Sachs, has identified several non-party witnesses, located in New York, that have relevant knowledge regarding the policies and procedures involved in the investment advisory agreements.[1] Defendant's Motion to Transfer Venue ("Defendant's Motion"), at 5, Ex. 1; Defendant's Reply in Support of Its Motion to Change Venue ("Defendant's Reply"), at 8-9. The defendant, however, did not outline the substance of these witnesses' testimony. Without knowing the substance of the testimony, the Court cannot determine that they are indeed key fact witnesses whose convenience should be assessed in this analysis. In addition, the affidavit states that only two of these New York witnesses are no longer employed by Goldman Sachs. Defendant's Motion, at Ex. 1, ¶¶ 5, 6. The convenience of the other witnesses, the defendant's employees, is entitled to less weight because the defendant is able to compel their attendance. *See Empty Barge Lines II, Inc. v. Fisher*, 441 F. Supp. 2d 786, 793 (E.D. Tex. 2006) (citations omitted).

Furthermore, the defendant, through Mr. York's affidavit, identifies potential witnesses that are not located in either New York or Texas.[2] *See* Defendant's Motion, at Ex. 1, ¶¶ 8, 9. These

---

[1] The defendant contends that Mr. York's affidavit identified five non-party witnesses. Defendant's Reply, at 8-9. Mr. York's affidavit, however, actually lists seven different potential witnesses from New York. *See* Defendant's Motion, at Ex. 1, ¶¶ 5, 6.

[2] Mr. York's affidavit identified five other potential witnesses who worked at Goldman Sachs' Memphis office, which was closed in 2001. Defendant's Motion, at Ex. 1, ¶¶ 8, 9. Four of these witnesses are no longer employed by Goldman Sachs, but still reside in Memphis. *Id.* The fifth witness is employed by Goldman Sachs in its Atlanta office. *Id.* at Ex. 1, ¶ 9.

witnesses will be inconvenienced regardless if this case is transferred.  Finally, the defendant has not shown that non-party witnesses are unwilling to travel to Texas.

After considering the convenience of all the potential witnesses, the Court finds that the defendant has not shown that its material, non-party witnesses will be substantially inconvenienced if the Court denies transfer.  This factor, therefore, does not support a transfer.

### 3. The place of the alleged wrong

The defendant contends that most of the activity related to the agreements occurred in New York and the actual servicing of the agreements for Broadhead's account occurred in Memphis, Tennessee.  The plaintiff, on the other hand, points out that this a nationwide class action.  According to the plaintiffs, the defendant has admitted to entering into advisory agreements during the alleged class period with individuals located within the Eastern District of Texas.  The Court finds that this case is not limited to the Southern District of New York because it involves agreements entered into nationwide.  This factor does not weigh in favor of a transfer.

### 4.  The cost of obtaining the attendance of witnesses and the availability of compulsory process

Based on the defendant's list of potential witnesses, several will be required to travel regardless of transfer.  Furthermore, there are witnesses outside both the Eastern District of Texas and the Southern District of New York.  Accordingly, this factor is neutral as to transfer.

### 5. The accessibility and location of sources of proof

The increasing ease of storage and transportation makes this factor less significant.  *See Tinkers & Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006).  Documents can easily be transported to Marshall, Texas or to New York.  This factor is neutral as

to transfer.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  Because it is still relatively early in the litigation, the plaintiff would not be prejudiced by a transfer.  *Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 838 (E.D. Tex. 2002).  Therefore, this factor is neutral.  *Id.*

B.    *Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

The Court should consider any administrative difficulties caused by court congestion in its transfer analysis.   As the plaintiff points out, the number of cases pending is larger in the Southern District of New York as opposed to the number of cases pending in the Eastern District of Texas. In addition, the plaintiff shows that the time to trial is longer in the Southern District of New York. The plaintiff, however, relies on statistics from 2005.  Therefore, this factor weighs slightly against transfer.

### 2.  The local interest in adjudicating local disputes and the unfairness of burdening citizens in an unrelated forum with jury duty

Defendant contends that Broadhead's advisory agreement and Goldman Sachs' responsibility and duties under that agreement have no connection with the Eastern District of Texas.  Defendant's Motion, at 11.  As the plaintiff points out, however, these agreements were entered into nationwide and the defendant has even admitted to entering into these advisory agreements with individuals

6

located within the Eastern District of Texas.  Plaintiff's Sur-reply to Defendant's Motion, at 2.
Contrary to the defendant's contentions, the citizens of the Eastern District of Texas have an interest
in correcting any wrongdoing related to these advisory agreements.  Accordingly, these two factors
weigh against transfer.

3. The avoidance of unnecessary problems in conflict of laws

The only claim remaining is the plaintiff's IAA claim governed by federal law.  This Court
and the court in the Southern District of New York are both capable of applying federal law.
Consequently, the Court finds that this factor is neutral as to transfer.

## III.      Conclusion

The Court has considered the applicable factors under 28 U.S.C. § 1404(a).  The defendant
has not satisfied its burden of showing that the balance of convenience and justice substantially
weighs in favor of transfer in this case.  Accordingly, the Court DENIES the defendant's Motion to
Transfer Venue.

SIGNED this 28th day of March, 2007.


_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE