IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BROADHEAD LIMITED PARTNERSHIP | § | |
| Vs. | § | CIVIL ACTION NO. 2:06CV009 |
| GOLDMAN, SACHS & COMPANY | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff's motion to certify class (#51) is denied for the reasons expressed in this opinion.

**1.    Introduction**

In this case, Broadhead Limited Partnership ("Broadhead") seeks to represent a nationwide class of persons and entities who entered investment advisory agreements with the defendant, Goldman Sachs & Co. ("Goldman Sachs"). The basis for the complaint is that Goldman Sachs breached fiduciary duties by failing to disclose all of the fees and expenses charged to the investors. Goldman Sachs filed a motion to dismiss, urging that the plaintiff's state law claims were all preempted by the Securities Litigation Uniform Standards Act ("SLUSA"). In addition, Goldman Sachs contended that the plaintiff's claims under the Investment Advisers Act ("IAA") were barred by limitations and by a limited liability provision in the agreement. By memorandum opinion and order dated March 26, 2007, the court concluded that all of the plaintiff's state law claims were preempted, but that the plaintiff stated a claim under the IAA that was not subject to dismissal pursuant to Rule 12(b)(6). The court now addresses the plaintiff's motion for class certification.

Because of the procedural posture of the case, the court's inquiry is restricted to whether the IAA claim should be certified under these facts.

**2.     Factual Background**

The court recounted most of the relevant facts in its opinion on the motion to dismiss. By way of brief background, Goldman Sachs provides financial services, including fiduciary guidance, advice, custodial services, asset management, administrative services and attorney-in-fact services to its clients pursuant to form advisory service agreements. The agreements give Goldman Sachs discretionary authority over the client's accounts and are governed by New York law. Goldman Sachs provides its services in exchange for a fee–which is based on a fixed percentage of assets held under a client's agreement.

Broadhead alleges that the obligations of Goldman Sachs under the agreement render Goldman Sachs a fiduciary. As such, Broadhead urges that Goldman Sachs owes its clients a duty to candidly disclose all fees and other amounts assessed to their accounts, together with all financial gain obtained through Goldman Sachs's fiduciary relationship with the class members. Broadhead alleges that, despite this fiduciary obligation, Goldman Sachs failed to disclose various fees earned in connection with the plaintiff's bond transactions.

According to the plaintiff, Goldman Sachs's agents add extra amounts (mark ups) to certain bond purchase prices as reported to the class members and subtract certain amounts (mark downs) from bond sales prices as reported to the class members. Broadhead contends that it is unaware of the amount of these fees because the trade confirmation statements only reflect a net selling or purchase price, instead of the actual purchase and sales prices for the bonds. According to Broadhead, the failure to disclose fully these mark ups and mark downs have caused Goldman Sachs

to reap an unjustified financial gain at the expense of the class members.

Based on these facts, Broadhead alleges a violation of the IAA. 15 U.S.C. § 80b-6. Broadhead contends that the IAA imposes a fiduciary duty on Goldman Sachs to disclose all material facts to the plaintiff and the putative class. Broadhead contends that the failure to disclose the mark ups and mark downs breached that fiduciary duty. As the remedy for the alleged violation of the IAA, Broadhead asks for rescission of the agreement and restitution of the fiduciary service fees paid to the defendant. Broadhead does not seek to recover the undisclosed mark ups or mark downs, or any diminution in value to any securities held in its account.

**3.   Discussion**

   **A.   Investment Advisers Act**

The plaintiff's sole remaining claim is one brought under the IAA. The IAA, 15 U.S.C. § 80b-1, *et seq.*, "was enacted to deal with abuses that Congress had found to exist in the investment advisers industry." *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979). The IAA generally prohibits fraudulent practices by investment advisers, making it unlawful for any investment adviser to employ any device, scheme, or artifice to defraud or engage in any transaction, practice, or course of business which operates as a fraud or deceit on a prospective client. 15 U.S.C. § 80b-6. In addition, the IAA prohibits an adviser from engaging in certain transactions with clients without making required disclosures. *Id*.

The IAA contains no express provision authorizing a private right of action; rather, the Act vests enforcement of its proscriptions with the Securities and Exchange Commission. 15 U.S.C. § 80b-9. In *Transamerica*, the Supreme Court rejected the argument that the IAA broadly implied a private right of action in favor of clients of investment advisers. *Id*. at 24. To the contrary, the Court

held that the IAA created only one limited private right of action. The IAA declares certain investment adviser contracts void if they violate the provisions of the IAA. 15 U.S.C. § 80b-15(b). As a result, the Court found that Congress "intended that the customary legal incidents of voidness would follow, including the availability of a suit for rescission or for an injunction against continued operation of the contract, and for restitution." *Id*. at 19. "Where rescission is awarded, the rescinding party may of course have restitution of the consideration given under the contract, less any value conferred by the other party." *Transamerica*, 444 U.S. at 25 n. 14.

### B. Rule 23(a) prerequisites

To obtain an order of certification, the plaintiff must establish the requirements of Rule 23(a), as well as one of the provisions of Rule 23(b). The court will first address the requirements of Rule 23(a).

Rule 23(a) provides that class certification is proper:

> only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Cole v. General Motors Corp.*, 484 F.3d 717, 723 (5th Cir. 2007).

Based on the record in this case, the court finds that the plaintiff has satisfied the first three requirements of Rule 23(a). First, the plaintiff has offered evidence that approximately 9,552 fee-based advisory accounts containing fixed income securities existed at Goldman Sachs as of October 2006. This number easily satisfies the numerosity standard. Second, the plaintiff has identified questions of law and fact that are common to the members of the class. Mindful that the threshold for commonality is not high, *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 296-97 (5th Cir.

2001), the court is satisfied that the plaintiff has shown that there are issues of law and fact common to the members of the class. For instance, the duties imposed under the IAA are common to the class, and the plaintiff has established that Goldman Sachs uses form agreements and trade confirmations, which allegedly failed to disclose the mark ups or mark downs on particular bond transactions. Finally, the court is persuaded that the plaintiff's claims are typical of the members of the putative class.

Rule 23(a) also requires a showing that the representative parties will fairly and adequately represent the class. Because the proposed class does not satisfy Rule 23(b)(3), the court will assume, for purposes of this opinion, that the representative parties will fairly and adequately protect the interests of the class. Although the court does not dispute counsel's qualifications to prosecute the case on behalf of the class, the remedy sought in this case calls into question the representative's ability to represent the interests of absent class members. It is well-settled that the district court may scrutinize the remedy sought, and its implications, in assessing a representative plaintiff's qualifications. *Davis v. Comed, Inc.*, 619 F.2d 588, 595 (6th Cir. 1980); *Schnorbach v. Fuqua*, 70 F.R.D. 424, 433 (S.D. Ga. 1975); *Guttmann v. Braemer*, 51 F.R.D. 537 (S.D.N.Y. 1970). The plaintiff in this case was a client of the defendant for only a brief period of time–from January to August 2001. The plaintiff asks, however, to represent a class of all current and former Goldman Sachs fee-based, discretionary advisory clients since January 1, 1999, who paid mark ups or mark downs on principal bond transactions. The plaintiff seeks, on behalf of the class, rescission of the advisory contracts and restitution of fees paid to Goldman Sachs.

The remedy sought by the plaintiff (and the only one available under the IAA) threatens an inter-class conflict between the class representative, a former Goldman Sachs client, and class

members who are current clients of the defendant who might not wish to have their contracts rescinded. The only decision to have specifically addressed this issue has concluded that certification of an IAA claim for rescission on behalf of former and present investors is improper because of the potential that the current investors would have an interest in the continuing viability of the challenged investment program. *Morris v. Wachovia*, 223 F.R.D. 284, 297-98 (E.D. Va. 2004) ("Because the conflict of interests over appropriate relief in this case is fundamental, it defeats the adequacy of representation requirement."). Although other courts have certified IAA claims, *see Tedesco v. Mishkin*, 689 F. Supp. 1327, 1337 (S.D.N.Y. 1988) and *Sullivan v. Chase Inv. Serv. of Boston, Inc.*, 79 F.R.D. 246 (N.D. Cal. 1978), neither case addressed the rescission issue, and *Sullivan* was decided before the Supreme Court decided *Transamerica*. As a result, although the court assumes for purposes of this opinion that the plaintiff is an adequate class representative, there is a substantial question whether the remedy available under the IAA counsels against certification of IAA claims like this one involving present and former clients of the defendant.

        **C.**     **Rule 23(b)(3) prerequisites**

In addition to the Rule 23(a) requirements, a party seeking class certification must satisfy one of the provisions of Rule 23(b). The plaintiff here seeks certification pursuant to Rule 23(b)(3). Under that rule, the plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In assessing certification, particularly under Rule 23(b)(3), a district court must "understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano v. Am. Tobacco Co.*, 84 F.3d 734,

745 (5th Cir. 1996). The court also must consider how the trial will be conducted if the class is certified. *Id.* at 740.

The question presented in this case is whether common issues predominate over individual ones. The parties devote much of their briefing to the issues surrounding the now-dismissed state law claims. Likewise, the parties debate whether common issues predominate in light of the differences between the various contracts applicable to class members. Consideration of these issues is unnecessary for purposes of class certification. Given the limited remedy available under the IAA, the plaintiff has not shown that common issues will predominate over individual ones, and class certification is improper.

As indicated above, a plaintiff who prevails on an IAA claim is entitled to rescind the contract and obtain restitution of fees paid thereunder *less the value of the services conferred by the adviser*. *Transamerica*, 444 U.S. at 25 n.14. Where the issue of damages does not lend itself to mechanical calculation but requires "separate mini-trials" of an overwhelmingly large number of individual claims, the need to calculate individual damages will defeat predominance. *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 307 (5th Cir. 2003).

In *Bell Atlantic*, the Fifth Circuit affirmed an order denying class certification in an antitrust suit because the need for individual inquiries into damages defeated Rule 23(b)(3) predominance. The plaintiffs proposed to calculate damages for the class members according to a formula which did not represent an adequate approximation of any single class member's damages. *Id.* at 304. The Fifth Circuit held that the plaintiff's proposal was impermissible under the governing antitrust law. The court recognized that "relatively few motions to certify a class fail because of disparities in the damages suffered by the class members." *Id.* at 306. The court noted, however, that class treatment

"may not be suitable where the calculation of damages is not susceptible to a mathematical or formulaic calculation, or where the formula by which the parties propose to calculate individual damages is clearly inadequate." *Id*. at 307.  Because the plaintiffs' proposed damages model was improper under the antitrust laws, and an individualized assessment of each class member's damages was required, the court determined that certification was improper.

Similarly, in *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 744-745 (5th Cir. 2003), the court reversed the certification of a class alleging a violation of the Texas Unauthorized Practice of Law statute, Tex. Gov't Code § 83.001, *et seq*.  According to the court, class certification was improper because individualized calculations of damages would eventually predominate over the common questions applicable to the class.  *Id*. at 744.  When the damages claims focus almost entirely on facts and issues specific to individuals rather than the class as a whole, the potential exists that the class action may degenerate in practice into multiple lawsuits separately tried.  *Id*. (internal citations and quotations omitted).  In such cases, class certification is improper.  *Id*. at 745.

*Bell Atlantic* and *O'Sullivan* require the denial of the motion to certify this class.  The plaintiff alleges a private right of action under the IAA for rescission of its agreement with Goldman Sachs and restitution of the fees paid under that agreement.  According to the plaintiff's motion for class certification, "the remedy sought by Plaintiff and the Class is uniform and easily ascertainable from Defendant's records–forfeiture of the advisory fee paid by each client."  Plaintiff's Motion, p. 9.  The problem with this argument is that it does not accurately state the measure of relief under the IAA.  Under *Transamerica*, a plaintiff who prevails on an IAA claim is entitled to rescind the contract and obtain restitution of fees paid thereunder less the value of the services conferred by the adviser.  Although the plaintiff's reply brief suggests that these calculations are subject to a

mathematical computation, the plaintiff does not explain how its proposed formula would determine the "value" of the services conferred by Goldman Sachs on any particular investor.  As a result, even if the plaintiff prevailed on its liability claim on behalf of the class, individualized questions of remedy would arise in each case because the defendant would be entitled to prove what value it conferred on each individual investor.  The plaintiff has not shown that such benefits are susceptible to a mathematical or formulaic calculation, and the holdings in *Bell Atlantic* and *O'Sullivan* compel the denial of the class certification motion.[1]  Individual questions surrounding each class member's remedy would eventually predominate over the common questions applicable to the class.  The plaintiff has not met its burden to demonstrate that a class should be certified under Rule 23(b)(3).

**4.**     **Conclusion**

For the reasons expressed herein, the court denies the plaintiff's motion for class certification (#51).

SIGNED this 31st day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[1]     *Sullivan v. Chase Inv. Services of Boston, Inc.*, 79 F.R.D. 246 (N.D. Cal. 1978) found that individual damages issues did not predominate because it concluded that the damages in that case were susceptible of computation by a mathematical formula.  That case pre-dated *Transamerica*, and the court did not consider whether and to what extent a rescission/restitution remedy involved individualized questions.